UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80323-CIV-MARRA/MATTHEWMAN

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR LXS 2006-2N,

    Plaintiff,
vs.

MARGARET P. CAPPARELLI, *et al*.,

    Defendant(s)/Third Party Plaintiff(s),
vs.

ONEWEST BANK GROUP, LLC, a foreign
limited liability company, and ONEWEST
BANK, FSB, a foreign corporation,

    Third Party Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Plaintiff U.S. Bank's Motion to Dismiss Amended Counter-Claim [DE 49] and Third Party Defendants OneWest Bank, FSB and OneWest Bank Group, LLC's Motion to Dismiss Amended Third Party Complaint [DE 50]. The Court has carefully reviewed the motions and responses and is fully advised in the premises. No replies were filed.

**Introduction**

On February 28, 2013, Plaintiff filed a mortgage foreclosure action in the Circuit Court of the Fifteenth Judicial Circuit against Defendant and Third Party Plaintiff, Margaret P. Capparelli ("Capparelli"). Capparelli was served with the Complaint on

March 5, 2013, and on March 20, 2013, Capparelli served her Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint.  Capparelli removed this matter to this Court. Capparelli's initial Counterclaim and Third Party Complaint were dismissed by this Court on June 20, 2014 (*see* DE 38).  An Amended Counterclaim and Third Party Complaint ("TPC") followed (DE 39) along with the instant motions to dismiss.

The TPC alleges that Capparelli contacted IndyMac Mortgage Services[1] to discuss the modification of her loan and mortgage.  TPC ¶ 16.  At that time she was told that in order to be considered for any of the modification programs offered, she needed to stop making payments on her loan and mortgage ("strategic default").  *Id*.  Up until that time Capparelli was current in her loan obligations under the note and mortgage.  *Id*.  On or about January 2011, Capparelli stopped making the loan payments due under the note and mortgage at the direct instructions and commands of the Plaintiff, U.S. Bank or its agents and representatives.  TPC ¶ 17.  In May 2011, she submitted her request for mortgage assistance (HAMP Application).  TPC ¶ 17.  From May 2011 through August 2012, the parties engaged in a continuous exchange of correspondence and documentation concerning Capparelli's request, when on or about September 2012, all communication ceased.  TPC ¶ 18.  No further communication has occurred

---

[1] U.S. Bank is successor in interest to the mortgage and promissory note originally held by IndyMac Federal Bank.  TPC ¶ 31.  Capparelli alleges that IndyMac Mortgage Services held itself out to the general public as "a division of ONEWEST BANK, FSB," third party defendant, TPC ¶26, and that "IndyMac Mortgage Services was the agent and authorized representative for the Third Party Defendants and each was the apparent/ostensible agent of the other."  TPC ¶ 25.

between the parties since September 2012 and IndyMac Mortgage Services has failed to respond fully to Capparelli's request for mortgage assistance and modification.  TPC ¶ 19.  Capparelli is now in arrears in her mortgage loan payments approximately 41 months and said arrearage is ongoing and continuing.  TPC ¶ 20.

**Standard of Review for Motions to Dismiss**

The general rule in federal court is that a complaint need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  However, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff is required to provide factual allegations that raise a right of relief above the speculative level.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted).  Plaintiff must plead enough facts to state a plausible basis for the claim.  *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

To resolve a motion to dismiss, the district court "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth."  *Id.*  Then, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, and "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

## Discussion

### Count I

Count I alleges breach of contract by U.S. Bank.  Capparelli alleges that on or about January 2011, she stopped making the loan payments due under the note and mortgage at the direct instructions and commands of U.S. Bank or its agents or representatives, and that these instructions resulted in a direct violation and breach of the terms of the note and mortgage by Capparelli.  TPC ¶ 34-35.  In its previous Order and Opinion, the Court wrote:

> Of the "terms" allegedly breached, none are alleged to be in the Note or Mortgage.  To state a cause of action for breach of contract, one must allege (1) a valid contract; (ii) a breach; and (iii) damages stemming

> therefrom. *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1049 (Fla. Dist. Ct. App. 2003).[2] Rather than a breach, it appears Capparelli is alleging violations of the covenant of "good faith and fair dealing." However, alleging a breach of the obligation of good faith and fair dealing requires the concomitant allegation that an express term of the contract has been breached. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1152 (11th Cir. 2005) ("a claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract"); *Barnes v. Burger King Corp.*, 932 F. Supp. 1420, 1438-39 (S.D. Fla. 1996) ("a party cannot maintain a claim for breach of the implied covenant of good faith where the party cannot claim a breach of any express contractual provision"). The TPC merely alleges that OWB and Plaintiff engaged in bad faith, but fails to identify the terms of the Note or Mortgage that OWB and Plaintiff allegedly violated. Consequently, without alleging a violation of an express term of a contract between OWB, Plaintiff and Capparelli, Capparelli has failed to state a cause of action in Count I. For this additional reason, Count I will be dismissed.

DE 38 at 6-8. Capparelli fairs no better under the Amended TPC. No where is it alleged that U.S. Bank, or its agents, breached an express term of the mortgage. Capparelli directly admits *she* breached the contract. Alleging she was instructed by U.S. Bank to take this specific action does not allege a breach of contract on U.S. Bank's part because it does not allege a breach of an express term of the contract by U.S. Bank. As previously stated, "alleging a breach of the obligation of good faith and fair dealing requires the concomitant allegation that an express term of the contract has been breached." Accordingly, Count I will be dismissed for failure to state a claim.

---

[2] In a diversity case, the Court applies Florida law. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010); *Royal Ins. Co. of America v. Whitaker Contracting Corp.*, 242 F.3d 1035, 1040 (11th Cir. 2001); *George v. Wells Fargo Bank, N.A.*, 13-80776-CIV, 2014 WL 61487, n.3 (S.D. Fla. Jan. 8, 2014).

### Count II

Count II alleges deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201 against Defendants OneWest Bank Group, LLC and OneWest Bank, FSB ("OneWest").  In its prior Order, the Court granted Defendants' motions to dismiss in part because Capparelli sued both Defendants in the same count and failed to distinguish and differentiate the factual allegations and theories directed to each.  Capparelli was directed to "correspond allegations of fact or law under each claim separately against each defendant or set of defendants sued jointly, and state exactly what constitutes the basis for liability against each." DE 38 at 14.

OneWest asserts that Capparelli has not cured this defect.  While the Amended Counterclaim has separate counts directed against OneWest and U.S. Bank, the allegations against each are identical except for the proviso that U.S. Bank is liable for the actions committed by and through its agents and representatives.

As far as the allegations made in Count II, Capparelli adequately alleges (1) deceptive acts or unfair practices; (2) causation; and (3) actual damages.  This count recites an aggregate set of facts resulting from a series of events occurring over a 16 month period which clearly gives OneWest fair notice of the claims brought against it.  The fact that there is another count alleging identical facts attributable to U.S. Bank does not render this count insufficient under Rule 8.

### Count III

Count III also alleges deceptive and unfair trade practices pursuant to Fla. Stat. § 501.201, this time against U.S. Bank.  In paragraph 59, it is alleged that U.S. Bank is the current owner and holder of the subject note and mortgage.  It is further alleged that by virtue of its acquisition of the note and mortgage, U.S. Bank "stands in the shoes" of its predecessors and is liable for its acts and omissions as if U.S. Bank had committed the acts or omissions themselves.  Since the Court finds that Count II states a claim, the same is true for Count III.

### Count IV

Count IV, entitled "Illegal Consumer Collection," alleges violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55, the Florida Consumer Collection Practices Act ("FCCPA") on the part of OneWest.  OneWest argues Capparelli fails to plead with the required specificity under Rule 8 as to give OneWest fair notice of the claim brought.  The Court disagrees. Capparelli lists the types of communications that OneWest allegedly made that were illegal under the statutes.  *See* TPC ¶ 73.  Accordingly, the motion to dismiss Count IV is denied.

### Count V

Count V, entitled "Illegal Consumer Collection," is a claim alleging violations of 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55, the Florida Consumer Collection Practices Act ("FCCPA") on the

part of U.S. Bank.  The same arguments made by OneWest as to Count IV are made by U.S. Bank as to Count V.  U.S. Bank argues the TPC is not plead with the required specificity under Rule 8 because the allegations within Count IV and V are virtually identical.  The Court finds Count V adequately puts U.S. Bank on notice of the illegal collection activities alleged and provides U.S. Bank with fair notice of the claims.  The discovery process shall provide the parties with all of the details of the claimed violations and the exactness they seek.  The arguments the parties make in their motions are more appropriately dealt with in a motion for summary judgment or at trial.

### Conclusion

In accordance with the conclusions made herein, it is hereby

ORDERED AND ADJUDGED that Plaintiff U.S. Bank's Motion to Dismiss Amended Counter-Claim [DE 49]  is granted in part and denied in part in that Count I is dismissed.  It is further

ORDERED AND ADJUDGED that Third Party Defendants OneWest Bank, FSB and OneWest Bank Group, LLC's Motion to Dismiss Amended Third Party Complaint [DE 50] is denied.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of February, 2015.

_____
KENNETH A. MARRA
United States District Judge